UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LESHON JORDAN, #84187, *Plaintiff*, vs. WARDEN WILLIAMS, *et al.* *Defendants*. | 2:10-cv-01595-PMP-LRL  ORDER |

This *pro se* prisoner civil rights action by an inmate in the custody of the Nevada Department of Corrections ("NDOC") comes before the Court on Plaintiff's application (#1) to proceed *in forma pauperis*, his letter docketed as a motion (#2) for status check, and for initial review under 28 U.S.C. § 1915A. The Court finds that Plaintiff is unable to pay a significant initial partial filing fee, and the application therefore will be granted, subject to the remaining provisions herein. The Court accordingly turns to initial review.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial

review and are to be construed in the light most favorable to the plaintiff. *See,e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the Complaint, Plaintiff Leshon Jordan brings claims under the Eighth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment for compensatory and punitive damages for allegedly inadequate medical care received while incarcerated at the Southern Desert Correctional Center ("Southern Desert"). He brings claims against, in both their official and individual capacities, Southern Desert Warden

1  Williams, NDOC Medical Director Bannister, and NDOC Director Skolnik, as well as against
2  the "Utilization Committee," in an official capacity.

3  According to the allegations of the complaint, which are accepted as true solely for this
4  analysis, Jordan was diagnosed with sleep apnea by a specialist in Arizona in January 2010.
5  When he arrived at Southern Desert on June 24, 2010, he advised the medical staff of his
6  condition. He requested a "CPAP" machine to address episodes of cessation of breathing
7  during sleeping associated with the condition. On August 21, 2010, the utilization review
8  committee declined to approve the request.

9  The present pleading fails to state a claim upon which relief may be granted against
10  any of the defendants named therein.

11  At the outset, the Complaint fails to state a claim against the defendants in their official
12  capacity. Plaintiff may not recover monetary damages from the defendants in their official
13  capacity. First, claims for monetary damages from the individual defendants in their official
14  capacity are barred by state sovereign immunity under the Eleventh Amendment. *See, e.g.,*
15  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Cardenas v. Anzal*, 311 F.3d 929, 934-35
16  (9th Cir. 2002). Second, state officials sued in their official capacity for monetary damages in
17  any event are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan*
18  *Dept. of State Police*, 491 U.S. 58, 71 & n.10, 109 S.Ct. 2304, 2312 n.10, 105 L.Ed.2d 45
19  (1989).

20  Further, the "utilization committee" is not a juridical person subject to suit.

21  Moreover, Plaintiff may not recover from the individual defendants named – the
22  Warden, the NDOC Director, and the NDOC Medical Director – in their individual capacity
23  based solely upon their supervisory responsibility. There is no *respondeat superior* liability
24  under § 1983. An allegation of inadequate supervision is insufficient to establish supervisory
25  liability. A supervisor may be held liable in his individual capacity only if he was personally
26  involved in the constitutional deprivation or a sufficient causal connection existed between his
27  unlawful conduct and the constitutional violation. *See, e.g., Jackson v. City of Bremerton*, 268
28  F.3d 646, 653 (9th Cir. 2001).

The Complaint fails to state a claim against any of these three supervisory officials under the Eighth Amendment based upon their own alleged personal involvement. In order to state a claim for relief for deliberate indifference to serious medical needs, plaintiff must present factual allegations tending to establish that the defendant official knew of and disregarded an excessive risk to inmate health or safety. *See,e.g., Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1017-18 (9th Cir. 2010). The official both must be aware of the facts from which the inference of an excessive risk to inmate health or safety could be drawn, and he also must draw the inference. *Id.* In other words, a plaintiff must show that the official was "(a) *subjectively aware* of the serious medical need and (b) failed adequately to respond." *Id.*, (quoting prior authority, with emphasis in original). Medical misdiagnosis, differences in medical opinion, medical malpractice, and negligence do not amount to deliberate indifference. *See,e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *rev'd on other grounds*, WMX Tech., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997)(*en banc*); *Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir.1989).

As to Defendant Williams, Plaintiff alleges only that: (a) that he received an August 23, 2010, response from the Warden to a kite in which the Warden stated that if medical said that he needed the equipment that it would be approved; and (b) that the Warden stated to him on August 25, 2010, that if the physician at Southern Desert could not get him a CPAP machine that they would have to send him to another facility that had one. These allegations do not support an inference that the Warden himself was subjectively aware of a serious medical need and failed to adequately respond. Under *Iqbal*, the allegations of the complaint must do more than support an inference merely of the possibility of misconduct. It would appear from the allegations of the Complaint that the Warden deferred to the judgment of the medical professionals, in a context where the utilization review committee ultimately denied the request for the equipment.

As to Defendant Bannister, Plaintiff includes no allegations as to this defendant in the body of the complaint. Bannister cannot be held liable based simply upon his supervisory authority as NDOC Medical Director.

As to Defendant Skolnik, Plaintiff alleges only that the NDOC Director also denied his request for a CPAP machine.  These sparse allegations do not establish that Skolnik was subjectively aware of a serious medical need but failed to adequately respond.

Plaintiff accordingly has failed to state a claim under the Eighth Amendment against any of the defendants named.  His allegations of negligence and malpractice in particular fail to state a claim upon which relief may be granted.  *See,e.g., McGuckin, supra.*

Plaintiff otherwise fails to present a viable claim under the Due Process Clause or the Equal Protection Clause in this context.  These constitutional provisions provide no greater protection in this context than the Eighth Amendment.

Moreover, under 42 U.S.C. § 1997e(e), Plaintiff additionally may not recover compensatory damages for pain and suffering, mental distress, or emotional anguish under § 1983 absent physical injury.  Section 1997e(e) otherwise would not bar a claim for punitive damages, however.  *E.g., Oliver v. Keller*, 289 F.3d 623, 629-30 (9th Cir. 2002).

The Complaint accordingly fails to state a claim upon which relief may be granted, subject to leave to amend.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is GRANTED.  Plaintiff shall not be required to pay an initial partial filing fee.  However, even if the action is dismissed, Plaintiff still must pay the full filing fee pursuant to 28 U.S.C. § 1915(b)(2).

IT FURTHER IS ORDERED that the movant herein is permitted to maintain this action to a conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT FURTHER IS ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.  **The Clerk of Court shall send a copy of this order to the Finance Division of the Clerk's**

1 **Office.  The Clerk shall also send a copy of this order to the attention of the Chief of**
2 **Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City,**
3 **NV 89702**.

4 IT FURTHER IS ORDERED that Plaintiff's letter docketed as a motion (#2) for status
5 check is GRANTED via the transmittal of this order and the accompanying materials.  Plaintiff
6 should note that requests presented in letters rather than motions may be disregarded.

7 IT FURTHER IS ORDERED that the Clerk shall file the Complaint and that the
8 Complaint is DISMISSED for failure to state a claim upon which relief may be granted, subject
9 to leave to amend within thirty (30) days of entry of this order.

10 IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall
11 clearly title the amended complaint as an amended complaint by placing the word
12 "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall
13 place the docket number, 2:10-cv-01595-PMP-LRL, above the word "AMENDED" in the space
14 for "Case No." Under Local Rule LR 15-1 any amended complaint filed must be complete in
15 itself without reference to prior filings.  Thus, any allegations, parties, or requests for relief
16 from prior papers that are not carried forward in the amended complaint no longer will be
17 before the Court.

18 The Clerk shall provide Plaintiff with a copy of the Complaint together with two copies
19 of a § 1983 complaint form and one copy of the instructions for same.

20 If an amended complaint is filed in response to this order, the Court will screen the
21 amended pleading before ordering any further action in this case.

22 If Plaintiff does not timely mail an amended complaint to the Clerk for filing, final
23 judgment will be entered dismissing the action.

24 DATED:  January 5, 2011.

25
26
27 _____
PHILIP M. PRO
28 United States District Judge